## FRED FRANKS v. STATE.

No. A-1176.   Opinion Filed September 14, 1912.

(126 Pac. 582.)

1. **CONTINUANCE—Motion for Continuance.** When a motion for continuance is filed by an accused setting up sufficient grounds to justify a postponement, it is an abuse of discretion for a trial court to overrule the same, in the absence of any showing that the motion is without merit or made in bad faith.

2. **HOMICIDE—Instructions—Self-Defense.** An instruction which requires the accused in a criminal case to measure the force necessary to be used in order to protect himself from the assault of another person by using just such force as may be necessary in order to save himself from receiving great bodily injury, and no more, is erroneous because it places too great a burden upon the accused, and requires him to measure the force necessary with entirely too much exactness. No one is capable in the heat of conflict of measuring the exact force that is necessary to avert danger. If a person in repelling an attack exercises reasonable judgment and in good faith uses only such force as is apparently necessary to avert such danger, he has done all the law requires.

(Syllabus by the Court.)

*Appeal from District Court, Tulsa County;*
*T. L. Brown, Assigned Judge.*

Fred Franks was convicted of assault with intent to kill, and appeals.   Reversed.

*Davidson & Williams,* for plaintiff in error.

*Charles West,* Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Fred Franks, was convicted in the district court of Tulsa county at the December, 1910, term on a charge of assault with intent to kill.

When the case was called for trial, the accused filed the following motion for continuance:

"Fred Franks, being first duly sworn, on his oath says: That he is the defendant in the above-entitled cause. That in said cause he is charged with the crime of assault with intent to kill one Geo. Eoff, and that one of the defenses therein will

be self-defense, and the material issue therein will be whether or not the defendant was assailed or assaulted by the said Geo. Eoff at the time and immediately before the shooting, as charged in the information. That the defendant cannot safely proceed to the trial of the cause at this time on account of the absence of a material witness in his behalf, to wit, one Louisa Franks. That said witness would testify, if present, as follows, which is true: 'I was present at the time of the assault alleged in the information in this case, being within less than 50 feet of the defendant and Geo. Eoff. That it was still daylight, and I was in a position to see and hear all that occurred, and did see and hear all that did occur at that time. That, when I first saw the defendant, he was returning from the well with a bucket of water. That as he approached the portion of the double house in which Eoff at the time lived, and, just as he passed the northeast corner of the porch in front of Eoff's house, I saw Mr. Eoff rush out of his house in a half-shaved condition, with a lather on his face, and intercepted the defendant near the center of the porch. And at that time Mr. Eoff said to the defendant, as he approached him, "You God damned son of a bitch, didn't I tell you not to come over here for any more water?" to which the defendant answered: "I have a right to get water at this well. There is no other place for me to get it, and my landlord instructed me to use the well, and I am going to do it." Whereupon Mr. Eoff stepped off the back porch, and struck the defendant about the shoulder and neck with his fist. As Mr. Eoff approached the defendant, he had both hands in his pants pocket, and his left hand was still in his pocket as he struck the defendant with his right hand. That the blow caused the defendant to stagger back, and as Mr. Eoff followed him up the shot was fired. That on the evening prior to this trouble I heard Mr. Eoff say to the defendant: "If you ever come over here for any more water, you will either go over my dead body, or I will go over yours." And to this the defendant replied, "I don't want to have any trouble with you, but, both of us being tenants of the same house, I am as much entitled to the water as you are," to which Mr. Eoff replied, "You heard what I said." ' That the said witness Louisa Franks resides in Tulsa, Okla., but that she is sick and confined to her bed, and is unable to either attend court or give her deposition. That by reason of her sickness she is nervous and hysterical and mentally incompetent to testify at this time; but affiant is informed and believes that she will be able to be present and testify at the next term of this court. That no subpoena has been issued for said

witness for the reason that said witness has been absent at Kansas City, Mo., until last Monday, when the defendant had her brought here for the purpose of testifying in this case, and since her arrival no subpoena would have been available. The affiant further says that the facts as above set forth to which the witness would testify are true, and that he cannot prove the same facts by any other witness whose evidence can be procured at this time. The affiant further says that this application for a continuance is not made for the mere purpose of delay, but that justice may be done. And further affiant saith not. [Signed] Fred Franks."

The motion was overruled, and exceptions duly saved.

This appeal is by transcript, and there is nothing included therein which indicates that the state made any showing to the end that this motion was not in good faith or without merit. In fact, upon its face the motion appears to be sufficient in every respect.

In the absence of any adverse showing, we think the court should have granted the continuance, at least to postpone the trial until a later day in the term in order that the accused might have the benefit of the testimony of the sick witness.

Complaint is made against the instructions of the court. We do not find it necessary to discuss the instructions in detail, but the following instruction is worthy of attention:

"No. 7. The court instructs the jury that if you believe from the evidence in this case that the witness Eoff was the aggressor and struck the defendant, Franks, that the defendant, Franks, had a right to use just such force as was necessary in order to save himself from receiving great bodily injury and no more, and unless you believe that the defendant, acting as a reasonably prudent person, used more force than was necessary as a reasonably prudent person to protect himself from receiving great bodily injury or losing his life, you should acquit the defendant."

This instruction requires the accused to measure the force necessary to be used in order to protect himself from the assault of the prosecuting witness with entirely too much exactness. In the language of the instruction it required him to use just such *force as was necessary* in order to save himself from receiving great bodily injury, *and no more*.

The Kentucky Court of Appeals in the case of *Carroll v. Commonwealth,* 83 S. W. 552, 26 Ky. Law Rep. 1083; *Id.,* 92 S. W. 308, 29 Ky. Law Rep. 33, discussing an almost identical instruction, says:

"Among other instructions the court told the jury that, if Begley 'was then and there about to inflict upon Powell Carroll death or great bodily harm, he (appellant) had the right to use such force at his command as was necessary, and *no more,* to avert the real or apparent danger to Powell Carroll, even to the extent of taking the life of said Begley.' This instruction required the appellant to measure the force necessary to be used to protect Powell Carroll with as much exactness as an apothecary would drugs on his scales. If, in the opinion of the jury, the accused used more force than was necessary to protect Powell Carroll from death or great bodily harm at the hands of Begley, he could not be acquitted, although he may have, in the exercise of reasonable judgment, concluded that there was an apparent necessity for using just the amount of force employed by him. If the facts justified the appellant in striking Begley in defense of his nephew, he had the right to use such force as was apparently necessary to have averted the impending peril to him. No one is capable, under such circumstances, of measuring the exact force that is necessary to avert such a danger. If he exercises a reasonable judgment, and uses only such force as is apparently necessary to avert such danger, he has done all the law demands of him. We are of the opinion that the instruction was erroneous in not containing the idea herein expressed."

The instruction in this case places a burden entirely too onerous upon the accused. As said by the Kentucky court, no one is capable under such circumstances (heat of conflict) of measuring the exact force that is necessary to avert such a danger. If he exercises reasonable judgment, and uses only such force as is apparently necessary to avert such danger, he has done all that the law requires.

For the errors indicated, the judgment is reversed, and the cause remanded, with directions to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.