## J. E. COMPTON v. STATE.

No. A-6850.   Opinion Filed June 28, 1930.
(289 Pac. 794.)

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of larceny of chickens, and sentenced to serve a term in the penitentiary of one year and one day.   From the judgment and sentence the defendant has appealed to this court.   Considerable testimony was taken and the record is quite voluminous.

The first, second, and third errors assigned by the defendant are as follows:

"1.   The court erred in overruling the motion of plaintiff in error for a new trial.

"2.   The court erred in overruling the motion of plaintiff in error for a continuance upon the ground of absent witness.

"3.   Because the court erred in denying motion of plaintiff in error to defer further proceedings until the attachment issued by the court for Jim Manning has been served and returned."

The record in the case shows that the information was filed on March 15, 1927; that the case was assigned for trial June 20, 1927; that on June 13, 1927, the defendant caused subpoenas to be issued for Dallas Taylor and Jim Manning; that Jim Manning resided in Grady county, and the defendant secured an order from the district judge in Stephens county, indorsed upon the subpoena, ordering the witness Jim Manning to attend as a witness as commanded in the subpoena; that the subpoena was received by the sheriff of Grady county on the 14th day of June, 1927, and the return of the sheriff shows it was served on Jim Manning June 15, 1927; the return of the sheriff was filed in the district court of Stephens county June 20, 1927.

On June 20, 1927, the day the case was assigned for trial, the witness Jim Manning failed to appear as required by the subpoena. The defendant filed his duly verified motion for a continuance, on the ground of absent witnesses; among the witnesses was Jim Manning. That part of the motion which the defendant filed and which relates to the testimony of Jim Manning, the absent witness who had been subpoenaed by the sheriff, omitting the caption and jurat, is as follows:

"That Jim Manning, if present will testify that on the day the defendant was charged with stealing domestic fowls on that day he was present and saw the defendant turn the check over to a man and heard this man ask the defendant to cash the check for him. That he heard a conversation between said man and this defendant in which this man said that the chickens which he had gotten him to sell for him belonged to his mother in law. That he heard this man say that he had been drunk at Lindsay, Oklahoma, a short time before and they had a fine against him which he had not paid, and that if he went to Lindsay with the chickens to sell them that he would be arrested and made to pay the fine.

"Affiant states that he cannot prove said facts by any other witness and that he believes said facts to be true. That the said Jim Manning has been duly subpoenaed by subpoena issued on order of this court by endorsement and that he is not absent through any cause, fault or procurement of this defendant. That the said Jim Manning resides in Grady county, Oklahoma, and the defendant can procure his testimony if granted a continuance for a reasonable time. Affiant states that both of the said witnesses mentioned in this affidavit, Dallas Taylor and Jim Manning are absent and neither one is in attendance upon the court at this time, and he cannot proceed to trial without their testimony. And that he can have them present on the trial of the case if granted a continuance, and asks that this cause be continued for a reasonable time."

As shown by the record, the state offered the subpoena in evidence to overcome the allegations in the motion of the defendant for a continuance.

W. J. Simpson was called by the state as a witness, on a hearing of the motion for continuance, and testified he was sheriff of Stephens county; "I know where the town of Beasley is; it is in Stephens county." On cross-examination, witness stated:

"Quite a settlement out near Beasley; number of people living around there; some drilling not far from Beasley, about a mile southeast and a mile or something north toward Grady county; the people on both sides of the county line get their mail at Beasley."

The court stated:

"Application for continuance will be denied. If you want an attachment, I will issue it.

"Mr. Bond: We take exceptions to the ruling of the court.

"Mr. Bond: Comes now the defendant and asks the court to issue an attachment for the witness Jim Manning, mentioned in the affidavit for continuance by the defendant and that he be given an opportunity to have such attachment served and that the said Jim Manning be produced in court before proceeding with this cause.

"By the Court: Proceed with the case and let the record show that the attachment is being issued for the witness, Jim Manning.

"Mr. Bond: Comes now the defendant and moves the court to delay the trial of this case until the defaulting witness, Jim Manning, can be produced by the officer under such attachment.

"By the Court: Motion overruled.

"Mr. Bond: Exceptions."

The defendant in his motion for continuance on account of the absent witness, Jim Manning, did not ask for a continuance for the term, but asked that the case be delayed for a reasonable time that he might procure the attendance of the absent witness.

At the close of the state's testimony, the defendant moved the court to delay the trial until a return could be made on the attachment ordered to be issued by the court for the absent witness Manning; which motion of the defendant was overruled and defendant duly excepted. It is a settled rule in this state that a motion for continuance is addressed to the sound discretion of the trial court, and its action thereon will not be disturbed unless an abuse of discretion appears. The state did not contest the motion for continuance on the ground that the motion was not made in good faith or was without merit. The motion upon its face appears to state all the grounds necessary for a continuance. The only witness who testified to the facts alleged in the motion for a continuance was the

124

defendant himself, and the testimony of the absent wit ness on the theory of the defendant was material to his defense, and it reasonably appears that the attendance of the witness Manning could be secured, if the case was continued for a reasonable time. Considering all the circumstances as disclosed by the record in this case, we think a clear abuse of discretion appears. The absent testimony set forth in defendant's affidavit was material to his defense. Smith v. State, 10 Okla. Cr. 544, 139 Pac. 709; Franks v. State, 8 Okla. Cr. 71, 126 Pac. 582.

Upon showing made by the defendant for a continuance, we think the court abused its discretion in refusing to grant the motion for a continuance for a reasonable time; at least, it should have postponed the trial until a later day in the term, in order that the accused might have the benefit of the testimony of the absent witness, or until the attachment issued by order of the court for the absent witness had been returned.

For the reason stated, the judgment of the trial court is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.