## JIM BECK v. STATE.

No. A-7640.  Opinion Filed April 4, 1931.
(297 Pac. 820.)

W. M. Williams, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county of the crime of unlawful sale of intoxicating liquor, and his punishment fixed by the court at a fine of $350 and imprisonment in the county jail for 60 days.

Defendant complains first that the court erred in overruling his motion for a continuance.

The record discloses that, on the day and before the case was called for trial, defendant filed an affidavit for continuance, setting up that subpoenas had been issued for his witnesses and return duly made "not found," and

setting out what the witnesses would testify to, which testimony was material to the defendant in his defense. The state made no counter showing.

In Franks v. State, 8 Okla. Cr. 71, 126 Pac. 582, this court said:

"When a motion for continuance is filed by an accused setting up sufficient grounds to justify a postponement, it is an abuse of discretion for a trial court to overrule the same, in the absence of any showing that the motion is without merit or made in bad faith." Morehead v. State, 12 Okla. Cr. 62, 151 Pac. 1183, Ann. Cas. 1918C, 416; Goben v. State, 20 Okla. Cr. 220, 201 Pac. 812.

In the case at bar the record discloses a manifest abuse of the trial judge's discretion in overruling the application for continuance.

Defendant next contends that the court erred in instruction No. 4, which reads as follows: "The defendant has interposed in this case, as one of his defenses, what is known in legal phraseology as an alibi; that is, that the defendant, at the time alleged in the information, is at another place than that alleged in the information as being the place where the offense was committed. The law is, that such a defense is proper and legitimate, and that the jury should consider all the evidence bearing upon this point, whether introduced by the state or the defendant, and if, after a careful consideration of all the evidence in the case, the jury entertain a reasonable doubt as to whether the defendant was in such other place when the crime was committed, then and in that event the jury should give the defendant the benefit of the doubt and acquit him." This instruction has been directly condemned by this court in the case of Stuart v. State, 35 Okla. Cr. 103, 249 Pac. 159. For a full discussion of this question and of the proper instruction to be given in cases of this

kind, see paragraph 5 of the syllabus and page 112 of the body of the opinion, 35 Okla. Cr. 103, 249 Pac. 159, 162.

The defendant next contends that the prosecuting attorney was guilty of prejudicial conduct in the cross-examination of defendant and in his argument to the jury.

This contention is supported by the record. The cross-examination of defendant by the county attorney was highly improper and the argument manifestly unfair and prejudicial to the rights of the defendant.

This court is loath to reverse a case, but must do so under the law where the record discloses manifest abuse of discretion on the part of the trial court in denying a continuance, misdirection of the jury by the court, and improper cross-examination and prejudicial conduct in the argument of the case.

For the reasons stated, the cause is reversed and remanded with directions to the trial court to proceed with the trial of the case in accordance with this opinion.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.