Kenneth BARNARD, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12661.

Court of Criminal Appeals of Oklahoma.

March 25, 1959.

Paul Updegraff, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, Kenneth Barnard, hereinafter referred to as defendant, was charged in the county court of Cleveland county with the offense of operating a vehicle while under the influence of intoxicating liquor. He was tried before a jury who found the defendant guilty, but were unable to arrive at the punishment and left same to be assessed by the trial judge. He sentenced the defendant to 10 days in the county jail and to pay a fine of $100.

The defendant lodged an appeal in this court in due time and advances three assignments of error upon which he relies for reversal:

"1. Error of the court in failing to sustain defendant's demurrer to the information.

"2. That trial court erred in failing to quash the evidence.

"3. Error of the court in ruling on the evidence."

The first assignment of error is predicated upon the sufficiency of the information to charge the crime of operating a motor vehicle while under the influence of intoxicating liquor; the charging part of the information reads as follows:

" * * * that on the 5th day of April A.D., 1958, in Cleveland County, State of Oklahoma, Kenneth Barnard late of said County and within the jurisdiction of this court, did unlawfully, wilfully, and wrongfully commit the offense of Operating a Motor Vehicle while Under the Influence of Intoxicating Liquor: That is to say, the said defendant, Kenneth Barnard, in the County of Cleveland and State of Oklahoma, on or about the 5th day of April, 1958, did then and there unlawfully, wilfully and wrongfully drive, operate and propel a motor vehicle one 1950 Ford Tudor Automobile on the streets of the city of Norman in Cleveland County, Oklahoma, while he, the said defendant, was then and there under the influence of intoxicating liquor, and thereby endangered the lives and property of others, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

■ Defendant contends that the allegation "on the streets of the city of Norman" is not sufficient to inform with definiteness and particularity the offense with which he is charged.

With this contention the court does not agree. This precise question has been discussed before in numerous cases and the case of Louis v. State, 96 Okl.Cr. 269, 252 P.2d 938 cited by the defendant says:

"In prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the state is not required to prove either the point of origin or the point of termination over which the motor vehicle was driven or moved, and it is sufficient to allege and prove that the automobile was driven on certain public ways designated by statute."

47 O.S.1941 § 93 provides:

"It shall be unlawful for any person who is under the influence of intoxicating liquor or who is an habitual user of veronal, barbital, nembutal, sodium-amatal or other barbitrate, or barbituric acid preparations, chloralhydrate, bromidia, benzedrine, or amphetamine preparations, or narcotic drugs, to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322) and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500.00) Dollars or by both such fine and imprisonment. Any persons found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.00) Dollars or by both such fine and imprisonment."

The legislature clearly defines what is meant by a highway in Title 47 O.S.A. § 161, subd. (c):

"The term 'Public Highway' when used in this Act means every public street, road or highway, or thoroughfare in this State, used by the public, whether actually dedicated to the public and accepted by the proper authorities or otherwise."

This court has further clarified the matter in the case of King v. State, 73 Okl.Cr. 404, 121 P.2d 1017, 1018, where the court said:

"An information which charges that a motor car was operated on 'the street of Broadway in the city of Fairview and County of Major, and on streets adjacent thereto', is sufficient allegation that it was such a highway as contemplated by Oklahoma Statutes * * *."

Though the information in the case at bar is far from a model, it is our conclusion that it is sufficient to meet the test as laid down by this court in Argo v. State, 88 Okl.Cr. 107, 200 P.2d 449, 451:

"The gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

■ Defendant next contends that the court erred in overruling a motion to suppress the evidence acquired by the search and seizure.

It is to be noted that no testimony was offered in support of the motion to quash. The motion itself does not set forth any reason aside from the search being in violation of defendant's constitutional rights. It appears from the record that defendant was pursued by the officer after driving on the wrong side of the road, making an il-

legal turn on the streets of Norman and driving without lights. The officers followed defendant for several blocks and stated his car was weaving from one side of the road to the other and drove on the wrong side of the road for some 200 feet. Defendant was eventually stopped and asked to step out of his car and show his driver's license. The officers talked to the defendant behind his car in the lights of the patrol car. The officer testified he had a strong odor of alcohol about him and was staggering on his feet. Defendant was then placed under arrest. The testimony was as follows:

"And when you finally stopped him, what did you do then? A. I asked him to get out of his car.

"Q. Did you get out of your car? A. Yes, sir, I went up to his car and asked him to step back behind the car and asked him for his drivers license, talked to him, asked him about his driving and he had a strong odor of alcohol about him and he was staggering on his feet.

"Q. Did he get out of his car then as you got out of yours? A. Yes, sir, we stood here between the cars, in front of my patrol car behind his.

"Q. You observed an odor? A. Yes, sir.

"Q. What did you subsequent to that? A. I placed him under arrest and looked in the car and—

\* \* \* \* \* \*

"Q. What did you do subsequent to that, after placing him under arrest? A. I looked in his car and found this bottle of whiskey laying in the floorboard, and—

"Q. Was this clearly visible to you then? A. It was when I opened the door, it was laying there in the floorboard, partly out from under the seat."

The defendant objects to the testimony that the search was unlawful. This question is answered in almost an identical case, Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267, 268, where the court said:

"Where on motion to suppress evidence, it is developed that highway patrol officers observed a car being driven along highway swerve and run off on the shoulder of the highway, and swerve back across center line, they were in performance of duty in following and observing such car, and when their further observance indicated that the driver was not operating the vehicle in a normal and safe manner, they were justified in stopping such motorist for questioning.

"Where in questioning such motorist he is found to have had the odor of whiskey on his breath and otherwise to have shown signs of intoxication, the officers were then justified in searching his car as incident to arrest and the motion to suppress all evidence obtained from fact of questioning and search, was properly overruled."

The court further said in the body of the opinion:

"It is noted from counsel's argument in brief that he still treats the issue as if the charge involved was that of possession or transportation of intoxicating liquor. The evidence on the motion disclosed that the officers in the first instance stopped defendant by reason of his reckless manner of handling his car, in that he ran off onto the shoulder of the Highway, No. 271, and on getting back on the highway ran over the center line; the officers considered that he was under the influence of some kind of stimulus or that he was at least guilty of reckless driving and proceeded to stop defendant for questioning. It was then that they discovered the whiskey breath, the thick accent, his 'staggering' walk, etc., and arrested him for operating a motor vehicle while under the influence of intoxicating liquor. The discovery of the half-full pint, \* \* \* was later and incidental to the arrest on the charge just noted.

Also in the case of Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464, 475, the question was passed on. The court said in the body of the opinion:

"Coming now to the practical application of the rule approved by this court, it has been held in a long line of cases that where one is arrested for any traffic violation or any other offense committed in the presence of the arresting officers, and they then discover that the driver of the vehicle is in a state of intoxication, that as an incident to his arrest his vehicle may be searched for liquor, which of course would be pertinent as proof in support of a charge of drunk driving or more properly operating a motor vehicle while under the influence of intoxicating liquor. Worley v. State, 77 Okl. Cr. 154, 140 P.2d 246; Moore v. State, 51 Okl.Cr. 411, 1 P.2d 813; Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267."

The holding in these cases in no manner interferes with decisions supporting the rule also announced in the Brinegar case, supra, that ordinarily a minor traffic violation will not support a search or seizure, but deals with those cases where the officer observed a violation of the rule of the road which would justify the officer in stopping the defendant to ascertain the reason for said violation and then finding the defendant in an intoxicated condition and the defendant arrested for driving while intoxicated and a search made incident to the lawful arrest, and where such searches were justified by reason of the materiality of the liquor to support the charge of driving a motor vehicle while under the influence of intoxicating liquor, or transportation, etc. In the instant case the officer observed the defendant driving in such a manner as to justify their stopping the defendant. After stopping him, the officer observed his condition of staggering and reflecting a strong odor of alcohol. He was placed under arrest for driving while intoxicated. The officer opened defendant's car door and observed a bottle on the floor board containing some whiskey. They

were justified under the circumstances in searching defendant and his immediate premises for weapons to protect themselves or evidence to support the charge. Defendant's contention is without merit.

■■ Defendant advances on this third assignment of error that the court erred in not declaring a mistrial as a result of the following testimony:

"Q. Then what did you do, Mr. Anderson? A. I put him in the patrol car and asked him what wrecker he would like to have tow his car in and he said he thought I should follow or drive him home, he was almost home.

"Q. What did you do with him then? A. I brought him to the Cleveland County jail and placed him in the County Jail, I made out a fact sheet upstairs when I was talking to him and offered an intoximeter—

"By Mr. Updegraff: I object to that as being highly prejudicial.

"By the Court: Sustain the objection.

"By Mr. Updegraff: All right, and I ask the Court, the jury be directed not to consider same. At this time ask for a mis-trial of this case by reason of the prejudicial self-brought into remarks that the Highway Patrolman made himself, that question was not propounded to him and I ask that this Jury be discharged and a mistrial declared.

"By the Court: The Jury will disregard any statements in regard to the intoximeter mentioned by the Highway Patrolman. Court will overrule the motion of the defendant to declare a mis-trial."

Defendant cites for his authority Engler v. State, Okl.Cr., 316 P.2d 625, 627, which in substance held that evidence of defendant's refusal to take sobriety test is objectionable and is not admissible. In disposing of the case, the following language was used:

"If the defendant voluntarily submits, the results may be introduced as

evidence, but to refuse is within his constitutional rights and jurors should not be permitted to speculate by presumption or suspicion as to why he refused. For the reasons expressed by Judge Brett in the Duckworth case, and the additional reasons related herein, the rule adopted in said case is hereby applied as sound and logical law."

The facts in the instant case do not bring it within the rule adopted in the Engler case. Though this court does not approve of the voluntary statement of the officer which is bordering closely upon that forbidden in the Engler case, it does not go far enough to constitute error. The jury was not shown that defendant refused to take the test but the officer did say he was offered the test. Whether defendant took the test or refused it is not shown by the testimony. We cannot see where defendant was prejudiced to the extent of constituting error of a reversible nature. The court has reviewed the testimony carefully and though there is a drastic conflict in the testimony, which constituted a question for the jury we find no justification for reversal or modification.

The judgment and sentence of the trial court is therefore affirmed.

POWELL, P. J., and BRETT, J., concur.