Thomas Earl SLEDGE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16646.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

M. E. Becker, Guymon, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Thomas Earl Sledge, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Texas County, Oklahoma for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days in the county jail and a fine of $100, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that approximately 6:00 o'clock p. m. on the 6th day of February, 1971, Trooper Ridings and his partner, Trooper Lansdown, were patrolling Highway 64, north of Guymon. Ridings testified that he observed the defendant pass two vehicles in a marked "no passing" zone. The trooper turned on the red light in the patrol car and the defendant "just kept going." (Tr. 6) Ridings turned on the siren, wherein the defendant pulled into the parking lot of the Crystal Cafe. Trooper Ridings asked the defendant to step from the vehicle, and after observing his condition, he told the defendant to have a seat in the patrol car. He testified that the defendant was unsteady on his feet, his speech wasn't "just real good," and that he smelled the odor of intoxicating liquor on his breath. He also testified that his partner found an open bottle in the defendant's car. Ridings testified that the defendant was not cooperative and threatened to call several people, including the Governor. The trooper testified that in his opinion, the defendant was drunk.

Terry Kimsey testified that he was the jailer when the troopers brought the defendant to the Texas County jail. He testified that he observed the defendant for approximately twenty to thirty minutes and that in his opinion, the defendant was intoxicated.

The defendant testified that on the day in question, that he had a sinus headache and took one drink after he arrived home from work. Defendant testified that he did not pass any cars in a "no passing" zone, and that he stopped as soon as he could safely do so. He denied that the trooper asked him for his driver's license, and he had no knowledge of how the bottle got into his car.

Trooper Ridings was called in rebuttal, and testified that the "no passing" zone extended for approximately one mile.

Trooper Lansdown testified that he observed the defendant pass in a "no passing" zone, and that the defendant did not stop for approximately one-quarter to a half mile after the red light and siren were turned on. Lansdown testified that as he opened the door of the defendant's vehicle, he observed the open bottle sticking out of the back seat.

■ The defendant asserts nine specifications of error, only one of which is supported by citations of authority. We have previously held that it is necessary for counsel for defendant not only to assert error, but also to support his contentions by both argument and citations of authority, and if that is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search books for authorities to support mere assertion that the trial court has erred. McGee v. State, Okl.Cr., 402 P.2d 921.

■ The defendant asserts that the search of his vehicle was illegal. The defendant argues that the arresting officer testified that he was not placed under arrest until after the illegal search.

We are of the opinion that the defendant was placed under arrest at such time as the trooper ordered him to get into the patrol car. Barnard v. State, Okl.Cr., 337 P.2d 768, we stated in the third syllabus:

"Wherein in questioning such motorist, he is found to have odor of alcohol and is staggering on his feet and to have shown signs of intoxication, the officers were then justified in arresting defend-

ant and searching his car as incident to arrest, and the motion to suppress the evidence was properly overruled."

See Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267.

In conclusion, we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.