## CHARLIE SCROGGINS v. STATE.

No. A-8377.   Sept. 2, 1932.
(14 Pac. [2d] 237.)

Wilkerson & Brown, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Mayes county of larceny of hogs and was sentenced to serve a term of three years in the state penitentiary.

One Sam Johnson was the owner of some hogs. On July 20th, four head were stolen. The next morning

about sunup defendant, accompanied by two other persons, Easkey and Ross, appeared at Claremore, some thirty-five or forty miles from the place where the larceny was committed, driving a Whippet car, on the back of which was a rack in which were these four hogs with others, and the hogs were sold to one Steidley. The Whippet car belonged to defendant. These same parties four days earlier were at Claremore about the same hour of the day and had sold hogs to Steidley and at the time Steidley told them he wanted to purchase other hogs. At the time of the sale of the hogs in the instant case, Ross gave his name as Smith and the check was made to him. Defendant explained his connection by testifying he had started to Claremore by way of Pryor; that Ross' house was on the road, and, when he approached it was flagged down by Easkey and they engaged him to take the hogs to Claremore and paid him $3.50 for the service; and that he knew nothing of their having been stolen. He offered some testimony tending to corroborate him.

Defendant contends the evidence is insufficient to sustain the judgment; that it is not conclusively shown defendant had possession of the stolen property; and that in any event the possession of stolen property alone is not sufficient to sustain a judgment of larceny of the property. Under the circumstances proven, that is, the hour at which the sale of the stolen property was made, the fact that the same parties had four days before that made a similar sale of like property, and the interest shown by the testimony of defendant in the sale of the property, with the other evidence in the case, was a question of fact for the jury and sufficient to sustain the judgment. The further contention is made that the court erred in refusing a request for an instruction on the law of circumstantial evidence. The proof of possession by

defendant and his connection with the prosecution in this case is a proof of asportation by direct testimony, and the case does not rest on circumstantial evidence alone, and it is only where the case is entirely circumstantial that the court should give an instruction on circumstantial evidence.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.