## LOUIS v. STATE.

No. A-11694.  Jan. 14, 1953.

(252 P. 2d 938.)

Hal Welch, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, P. J. The defendant (plaintiff in error) Allen Arthur Louis, was convicted before a jury in the county court of Choctaw county of a charge of operating a motor vehicle while under the influence of intoxicating liquor, and punishment was fixed at 30 days in the county jail, and a fine of $250. The case is here on appeal.

Counsel, for reversal, advances four main specifications of error.

It is first stated that the information is defective in its lack of an allegation that the driving occurred on a public road, or highway, and that the court erred in overruling his demurrer to the information. The charging part of the information reads:

" * * * that he, the said defendant, then and there being, did then and there wilfully, wrongfully and unlawfully drive, operate and propel a certain automobile, to-wit: A Dodge Pickup, Oklahoma Farm Tag No. 468471, from a point unknown to a point on U. S. Highway #70 and west Jackson Street, in the city of Hugo, Oklahoma, just east of the intersection of west Jeckson Street and the Frisco Railroad, while he, the said defendant, was under the influence of intoxicating liquor, contrary to the form of the statute."

This precise point was raised and tested in the recent case of Raper v. State, 96 Okla. Cr. 18, 248 P. 2d 267. It was decided contrary to the contentions here advanced.

Here, as in the Raper case, Jones v. State, 94 Okla. Cr. 15, 229 P. 2d 613, 614, is relied on. In the Jones case the defendant was charged with driving a described motor vehicle while under the influence of intoxicating liquor "From a point 135 feet South of the intersection of Choctaw and Broadway Streets in the City of Marlow, Oklahoma, at which point he was involved in a property damage accident".

A casual reading of the Jones case should disclose the material difference in the allegations there and here. The Raper case may be referred to for detailed treatment of the issue. Suffice here to say, as we said in the Raper case, it is our conclusion that the information, though far from a model, is sufficient to meet the tests stated in the Jones case, as well as in Argo v. State, 88 Okla.

Cr. 107, 200 P. 2d 449, 450, where we stated in the paragraphs one and two of the syllabus:

"The gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.

"An information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent, prosecution for the same offense, is sufficient."

It is next asserted that this case should be reversed on the ground of fatal variance between the allegations of the information and the proof.

By reference to the charging part of the information heretofore quoted, it will be noted that it is stated that the car was driven "From a point unknown to a point on U. S. Highway #70 and West Jackson Street, in the city of Hugo, Oklahoma, just east of the intersection of West Jackson Street and the Frisco Railroad."

Cap Duncan, sheriff, who swore to the information, testified that Jackson street and U. S. Highway No. 70, extending east and west, both follow the same route through the city of Hugo. He further testified that he followed the pickup the defendant was driving along said route for a distance of 45 or 50 yards before he stopped him, and placed him under arrest.

Counsel contends that inasmuch as it was shown by the testimony that both Sheriff Duncan and the county attorney, at the time of the filing of the information, knew the point at which defendant's car was first seen in motion on the highway, the point of origin should have been alleged and proved, and as the facts were actually known but falsely alleged to be "unknown", same constituted a fatal variance. A number of cases are cited by defendant to support the contention, but they are not in point. They either involve liquor transportation cases where an entirely different statute is involved, or a sale of liquor where the sale was alleged to be to a person unknown where the proof showed the same was at all times known. As pointed out in the Raper case, supra, these cases are not applicable to a charge of driving a motor vehicle while under the influence of intoxicating liquor. Tit. 47 O.S. 1951 § 93. An examination of this statute will disclose that there is no clause therein to indicate that the burden rested on the state to allege and prove either the point of origin or point of termination over which the vehicle was driven. It was sufficient to allege and prove that it was driven on "any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State. * * *"

The evidence here is uncontradicted that the defendant, while under the influence of intoxicating liquor on the date alleged, did drive his pickup on a street and highway in the city of Hugo. The sheriff had testified that he drove over to the Co-operative Gin in Hugo and met the defendant driving a pickup and from his manner of driving concluded that he was intoxicated and turned his car around and followed defendant. He overtook defendant just east of the railroad track on Jackson street, which he testified is also known as U. S. Highway No. 70, and traverses Hugo east and west. On cross-examination he was questioned and answered as follows:

"Q. Now, you allege in this information, * * * you say Mr. Louis drove his car to a point on U. S. Highway #70, and West Jackson Street, just east of the intersection of West Jackson Street and the Frisco Railroad, now the point you talk about is the point to which he drove his pickup, is that right? A. Before we stopped him. Q. You say he went just east of that intersection of West Jackson Street and the Frisco Railroad, how far East of that intersection did he drive his car? A. Well, I would say about 45-50 yards."

It is set out that the court erred in the admission of hearsay evidence. Sheriff Duncan attempted to explain how he came to arrest the defendant. Said he: "I had a telephone call to come over to the Cooperative Gin, old Webb Gin, said there was a man over there drunk." The defendant objected to this statement as being hearsay and highly prejudicial to his rights, but the court overruled his objection. The court erred in so doing, and if there was any testimony to show that the defendant was not so under the influence of liquor as to affect his driving, or that his conduct in operating his car was normal and not such as to justify the officer in stopping defendant, then it might be concluded that the error was such as to have influenced the jury to find the defendant guilty, but here the case is not close at all. The evidence is only one way.

In the case of Levine v. State, 50 Okla. Cr. 157, 296 P. 758, we said:

"A judgment of conviction will not be reversed on the ground of improper admission or exclusion of evidence, unless, after an examination of the entire record, it appears that there has probably been a miscarriage of justice or a substantial violation of some constitutional or statutory right of the defendant."

The case is affirmed.

JONES and BRETT, JJ., concur.