# HODGE v. STATE.

No. A-11715. June 3, 1953.

(258 P. 2d 215.)

74

O. A. Brewer, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Ross Thomas Hodge, defendant below, was charged by information in the county court of Choctaw county with the offense of driving a motor vehicle on a public street while under the influence of intoxicating liquor. He was tried by a jury, convicted and his punishment fixed at a fine of $100 and costs, judgment and sentence was entered accordingly from which this appeal has been perfected.

The defendant raises certain objections to the conviction, the first of which is that, the information was insufficient to charge an offense under the statutes of the State of Oklahoma. The charging part of the information reads as follows, towit:

"That he, the said defendant, then and there being, did then and there wilfully, wrongfully, unlawfully drive, operate and propel a certain automobile to-wit: 1946 Chevrolet Sedan, Oklahoma 1949 License No. Taxi-92-497, from a place unknown to a point on Compress Street, just South of the Railroad track, in Hugo, Choctaw County, Oklahoma, while he, the said Ross Thomas Hodge, was under the influence of. intoxicating liquor, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

To the information the defendant filed both a general and a special demurrer, both of which were overruled with exceptions. On this point the defendant contends that the court erred in overruling said demurrers. The defendant contended that the information "never at any place charged operation

on any part of a public street—but to a point. * * * It cannot be successfully argued that the mere mentioning of a point on a highway is an allegation of operating the vehicle on the public hgihway or street. The information is insufficient, ambiguous, uncertain, and wholly defective, * * *." etc. This contention is wholly without merit. In Louis v. State, 96 Okla. Cr. 269, 252 P. 2d 938, 939, this court had under consideration an information substantially the same as the one in the case at bar. The defendant was charged with driving an automobile while under the influence of intoxicating liquor in substantially the same form as that employed in the case at bar. In fact, the appeal therein was from Choctaw county, the source of the instant case. In the opinion resolving the issue in Louis v. State, supra, this court said:

"In a prosecution of an accused charged under Tit. 47 O.S. 1951 § 93, with the crime of operating a motor vehicle while under the influence of intoxicating liquor or of drugs, the State is not required to prove either the point of origin or the point of termination over which the motor vehicle was driven or moved. The State is required (1) to allege and prove that the accused was under the influence of intoxicating liquor; or (2), that he was an habitual user of vernal, barbital, nembutal, sodium-amytal, or other barbiturates or barbituric acid preparations, chloralhydrate, bromide, benzedrine, or amphetamine preparations or narcotic drugs; and (3) that such accused did, while so under the influence of intoxicating liquor or of drugs, operate or drive a motor vehicle on some thoroughfare, highway, country road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State. It is sufficient to allege in the information and prove on trial the operation of the vehicle to any named point on one or more of the public ways named and designated in the statute."

To the same effect is Hanlan v. State, 96 Okla. Cr. 331, 254 P. 2d 373. Therein it was held that the information was sufficient to meet the test stated in Jones v. State, 94 Okla. Cr. 15, 229 P. 2d 613, as well as Raper v. State, 96 Okla. Cr. 18, 248 P. 2d 267. In light of the foregoing it is apparent the court did not err in overruling the demurrer to the information.

The second contention of the defendant is that the evidence in support of the conviction was obtained by an illegal arrest without a search warrant and that the trial court erred in failing to suppress the evidence. Briefly, the testimony in this regard was offered by two highway patrolmen, Patrolman Bailey and Patrolman Bickerstaff. In substance, they testified that about 2:30 o'clock on the morning of December 4, 1949, they were driving in an eastward direction at the west city limits of Hugo on Jackson street and met the defendant's automobile as it approached them. Their testimony was to the effect that his automobile was weaving across the highway in such a manner they were forced over on the south side of the road to the shoulder. The patrolmen further testified that they turned around and followed the defendant a distance of several blocks where they stopped him, ordered him out of his car and placed him under arrest. Upon observing that the defendant was intoxicated they searched the automobile and found a pint bottle with a small quantity of whiskey in it. Both of the officers testified that the defendant was drunk. In their testimony they were corroborated by Mr. Dancer who was county jailer. His testimony was positive and definite that the defendant was in a drunken condition when he was brought into the sheriff's office. Moreover, he testified that the defendant was "staggery" and was unable to come up the steps by himself.

The defendant testified in his own behalf and denied that he was intoxicated or that he had anything to drink except one bottle of beer. He further testified that he was driving his automobile carefully and that his movement on the highway

was due to the condition of the road which was rough. He related that the bottle of whiskey found on the seat belonged to a man by the name of Thomas Middleton who was riding in the car with him at the time he was stopped and placed under arrest. He denied any knowledge of the liquor being in the car. Such was the evidence upon which the foregoing contention with reference to the arrest and illegality of the search was predicated. It clearly appears from the evidence that at the time the defendant was meeting the patrol car he was violating the rules of the road, Title 47, § 121.4, O.S. 1951, reading as follows, towit:

"(b) Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall keep to the right of the center of the roadways."

Under this provision of law the patrolmen were authorized to pursue and stop the defendant's car for an offense committed in their presence. The car being stopped, the defendant ordered out of the automobile and placed under arrest and his condition being observed under the law, it was not only the officers' right but their duty to arrest the defendant for driving while intoxicated. One of the officers testified that the defendant looked like he had been drunk for a week. It has been repeatedly held that where an officer sees a person violating the law in his presence where the officer has a legal right to be, he may without a warrant arrest such a person and search him together with the immediate surroundings without the necessity of a search warrant. Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716. Moreover, it has been repeatedly held by this court that it will not reverse a trial court upon a finding of fact in connection with a motion to suppress where there is competent evidence in the record reasonably tending to support the findings of the trial court. Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99. In view of the foregoing facts and authorities, we are of the opinion the trial court did not err in refusing to sustain the defendant's motion to suppress.

The third contention of the defendant is that the trial court erred in over-ruling his motion for a continuance. It appears the case was called for trial on October 25, 1951. This motion was supported by an affidavit signed, verified and filed by the defendant the day the case came on for trial. The affidavit states to the effect that the defendant cannot proceed to trial without the testimony of Thomas S. Middleton who it was alleged was a material witness for the defendant. It alleges that a subpoena had been duly issued and was returned by the sheriff showing that the witness could not be found in Choctaw county. It further alleged that the affiant had been advised witness was overseas but was expected to return shortly to Choctaw county, that he would be available as a witness or his testimony preserved by way of deposition. It was further alleged that the witness would testify that the defendant did not partake of any intoxicating liquors and had not for a period of time before the occurrences charged, that the small bottle of liquor found in the automobile had not been opened while Middleton was in the car, that the officers did not announce the placing of any one under arrest before a search of the car was made, and further that the automobile did not weave or wave on the road in a manner as to endanger the traffic or became a hazard to any person or vehicle, that Middleton's testimony is not available from any other witness for the defendant and it is not cumulative and that the affidavit is not made for delay but in order that substantial justice may be had. Finally, the defendant prayed that said cause be continued until said witness' testimony could be obtained. It is well to note that the affidavit did not allege that the whereabouts of the witness were unknown at the then time. The statements of the affidavit were vague, uncertain and speculative as to when

the attendance of the witness could be procured and wholly failed to state when the attendance of the witness could be reasonably expected as a witness. Such affidavits have repeatedly been condemned by this court. It has been held that a motion for continuance on the ground of the absence of material witnesses should state facts with reference to the present whereabouts of the witnesses and the grounds for the expectation that the witnesses would be present at the next term of court so that the court may determine from an examination of the instrument whether it is reasonable to expect that the witnesses could be procured for attendance at the next term. Presley v. State, 76 Okla. Cr. 120, 134 P. 2d 595. Therefore it was also said that this court will review the refusal of a continuance on account of the absence of witnesses and consider the evidence adduced at the trial to determine whether defendant was materially prejudiced. In Petty v. State, 11 Okla. Cr. 438, 147 P. 782, the court went further and said it was necessary where the defendant expects to procure the attendance of witnesses at the next term of court to state the grounds of such expectation. In this connection it has been held that the granting of a continuance in a criminal case is largely within the sound discretion of the trial court and unless this discretion has been abused the verdict of the jury finding one guilty will not be set aside. Nix v. State, 80 Okla. Cr. 265, 158 P. 2d 726; Jackson v. State, 77 Okla. Cr. 160, 140 P. 2d 606; McKendree v. State, 78 Okla. Cr. 321, 148 P. 2d 210. We are of the opinion that the trial court did not abuse its discretion in overruling the defendant's motion for continuance

Finally, the defendant contends that the trial court erred in not giving the defendant's instruction on circumstantial evidence. The record discloses that the conviction was not based solely on circumstantial evidence. The patrolmen and jailer testified that the defendant was positively drunk. In fact, they described him as being staggery drunk, bleary eyed and wobbly in his speech and walk. The only circumstantial evidence appearing in the record was that in relation to the partially filled bottle of whiskey which was found in the defendant's automobile. Under these conditions, even if the finding of the bottle of whiskey be regarded as circumstantial evidence, the defendant would not be entitled to the instruction requested on circumstantial evidence, for it has been held that where the evidence of the state is both direct and circumstantial the accused is not as a matter of right entitled to have the jury instructed upon the law of circumstantial evidence. Campbell v. State, 95 Okla. Cr. 396, 247 P. 2d 281; Scroggins v. State, 54 Okla. Cr. 54, 14 P. 2d 237; Smith v. State, 96 Okla. Cr. 25, 248 P. 2d 262; Lincoln v. State, 86 Okla. Cr. 415, 193 P. 2d 618; Long v. State, 77 Okla. Cr. 174, 140 P. 2d 600. The evidence of the state herein being both direct and circumstantial, all the foregoing authorities are in agreement that the defendant was not entitled to an instruction on circumstantial evidence. It is only where the evidence of the state is entirely circumstantial that the defendant is entitled to an instruction on circumstantial evidence. Long v. State, supra; Bock v. State, 34 Okla. Cr. 313, 246 P. 642. It is apparent that the trial court's refusal to grant the requested instruction herein is without foundation in the law. For all the above and foregoing reasons, the judgment and sentence imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.