Everett ANDERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14444.

Court of Criminal Appeals of Oklahoma.

July 17, 1968.

Rehearing Denied July 31, 1968.

Leon E. Tabor, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Jerry H. Holland, Asst. Attys. Gen., for defendant in error.

NIX, Presiding Judge.

Everett Anderson, hereinafter referred to as the defendant, was arrested in the early morning hours (4:45 A.M.) while driving a 1963 Thunderbird in the 2600 blk. on North Eastern Avenue in Oklahoma City. He was charged with Possession of Marijuana, tried before a jury, found guilty, and his punishment set at 2 years in the penitentiary. Defendant perfected his appeal to this Court asserting that the evidence was obtained by an illegal search and seizure and the Motion to Suppress should have been sustained.

The arrest in question came about in the following manner, as testified to by C. R. Acox, the arresting officer:

"A He was in the lane next to the center line. He came to 26th and Eastern and he made a right turn from the wrong lane of traffic and turned into a service station driveway.

Q What did he do then?

A He turned around and started on back south—correction—yeah, south on Eastern.

Q Was there anyone else in the car with him?

A Yes, sir, it was driven by another man.

Q All right. What was his name?

A Ray Austin.

Q All right. What did you do then?

A Stopped the vehicle and arrested the driver.

Q For what?

A For making an improper right turn."

This Court has held in Hodge v. State, 97 Okl.Cr. 73, 258 P.2d 215, that:

"Where an officer sees a person violating the law in his presence where the officer has a legal right to be, he may without a warrant arrest such a person and search him together with the immediate surroundings without the necessity of a search warrant."

The defendant claims the arrest and following search were illegal because the traffic violation was used as a subterfuge for the arrest. The only evidence that causes the Court alarm in this regard was

the fact that a Federal Narcotics Agent was with the arresting officer, and they were looking for a similar car. *It always creates suspicion in the Court's mind when a Federal Agent is with a City Officer in making an arrest* for a traffic violation, and finding contraband.

However, in the instant case, a traffic violation occurred in the presence of the officer, and defendant was stopped and arrested for same.

In King v. State, Okl.Cr., 357 P.2d 230, this Court said:

"Officers may station themselves at street or highway intersections or other public places, for the purpose of observing motorists who may be possible law violators, and may, without a warrant, lawfully arrest such motorists as may violate the law in the presence of such officers."

The search and seizure made in connection with the arrest was sustained by the trial court.

 The officer testified that after the arrest, the car doors were open and the interior light on. He noticed a paper sack was in the floorboard, plainly visible, and partly open. The officer further testified he thought it may have contained some kind of a weapon. Upon opening the sack more fully, he detected the sacks of marijuana.

This Court has held in numerous cases that:

"Where a misdemeanor is committed in the presence of an officer, he has the right to arrest the offender without a warrant. If the arrest is not a subterfuge, and is in good faith, the defendant and his immediate possessions may be lawfully searched." Franklin v. State, Okl.Cr., 281 P.2d 204.

This Court has held that the immediate area may be searched in connection with a lawful arrest, for weapons as a precautionary measure for the safety of the arresting officer. See, Brinegar v. State, 97 Okl.

Cr. 299, 262 P.2d 464: Scott v. State, 84 Okl.Cr. 171, 180 P.2d 196.

In the Scott case, supra, it was held that:

"Whether search of, and seizure from, an automobile upon a public highway, without a search warrant, is reasonable, is, in its final analysis, to be determined as a judicial question, in view of all the circumstances under which it is made."

It is by this yardstick that we have considered the question involved, and in view thereof, have concluded that the judgment and sentence should be affirmed, and it is so ordered.

BUSSEY, and BRETT, JJ., concur.