**Chester Claudine RICHMOND, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14640.**

Court of Criminal Appeals of Oklahoma.

May 14, 1969.

Rehearing Denied June 25, 1969.

Wesley V. Disney and Elmore A. Page, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Chester Claudine Richmond, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County with the crime of Burglary in the Second Degree, and from the judgment and sentence assessing his punishment at two years imprisonment in the penitentiary, he appeals.

The facts of this case are relatively simple. It was established in the State's case in chief that a burglary took place at C. A. Roberts' Company on the night of August 17, 1967. Mr. Warner testified that it was his duty as office manager to make sure that the entire building was locked and secured. When he left the building late the night of the 17th, he secured the building by signaling the alarm system and locking the front door.

Another employee of C. A. Roberts' Company then testified that he was called by the Reliance Detective Agency around 11:30 that same evening. When he arrived at the scene, the police were already there and had the defendant in custody. In the building was discovered a Samsonite luggage case filled with assorted tools that could be used for burglary purposes, and a pair of gloves.

Daniel M. McSlarran, a police officer, testified that he was dispatched to the C. A. Roberts' Company building. He left another officer at the front of the building and proceeded to the rear by himself. As he turned the corner, he heard a rustling in the grass but could not see the source because it was a dark night and there were no lights in the rear of the building. He turned on his flashlight and spotted the defendant backing out of a hole that had been chiseled in the wall of the building. The defendant jumped up and ran. Officer McSlarran told the defendant to halt and immediately took him into custody.

The defendant testified on his own behalf that he was from Holbert and had gone to Muskogee that day looking for work. He was unable to obtain employment so he went to a bar where he became acquainted with a couple that he identified only as Steve and Lois. After a few beers, they became very friendly and Steve and Lois invited him to go to Tulsa with them. In Tulsa they made a few more bars and a night club. By this time Steve and Lois were becoming fairly drunk and the defendant became uneasy about being with them. When Steve suggested that they go over to a person's home, the defendant decided to stay in the car while they went inside. As soon as they were inside, the defendant decided to find a telephone and call a friend to come and get him. As he was walking across a field behind the C. A. Roberts' Company building, approximately 70 or 80 feet from the building, a flashlight was shined upon him and he was taken into custody by a police officer.

It is first contended on appeal that a fair and impartial trial was denied defendant by repeated interrogation of witnesses by the trial judge which tended to indicate to the jury the judge's opinion of the guilt of the defendant.

■ We observe that at several points during the trial the judge interrogated witnesses for the purpose of clarifying their testimony for the consideration of the jury, but nothing in his conduct or demeanor

could be construed as tending to indicate his opinion as to the guilt or innocence of the accused. The general rule is correctly stated in both the brief of the State and the defendant, as exemplified by this Court's language in Harrell v. State, 85 Okl.Cr. 293, 187 P.2d 676, where in the first syllabus we stated:

"Jurors are easily influenced by the remarks of a trial judge, and the greatest care should be observed that nothing is said that can by any possibility be construed as an expression of the court's views respecting the merits of a criminal case. Courts cannot be too circumspect in their efforts to avoid allowing jurors to discover the opinion of the judge as to the weight of the evidence, or the guilt or innocence of a defendant."

This Court amplified this general rule in the 4th and 5th Syllabi of the case of Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738, wherein we held:

"4. A trial court is not required to be a mere umpire, but in the interest of justice, and to see that both sides have a fair and impartial trial, may interrogate a witness, but in so doing must refrain from allowing his action or words to indicate to the jury his opinion of the guilt or innocence of the defendant or the credibility of any witness.

5. A trial judge has the right, in the exercise of his discretion, to ask of any witness such questions as will tend to elicit the truth, and so long as the judge does not, by his questions or conduct, indicate his views as to the matters at issue, a defendant will not be heard to complain of any question asked by him which is reasonably calculated to elicit the truth."

We therefore hold that this assignment of error is wholly without merit.

It is next contended by the defendant that the trial court erred in admitting physical evidence (Exhibits 2 and 4) resulting in unfair prejudice to the defendant.

■ The record does not reflect that Exhibit 2 was ever admitted into evidence,

but it does affirmatively show that Exhibit 4 (the Samsonite suitcase containing the burglary tools) was admitted and we think properly so, for as is stated in Wharton's Criminal Evidence, 12th Edition, Vol. 2, § 675, pages 616–617:

"In order to establish the relevance and materiality of real evidence, it must in some manner be connected with the perpetrator or victim of the crime or with the crime itself. It follows that in order to justify the admission of this evidence, its identity must be shown to be that of the article or substance which it purports to be and that the character of such article or substance must be as purported. It is not necessary that such identification should positively and indisputably describe and relate to such evidence. *If a question of fact as to the connection of the article sought to be admitted with the defendant or the crime is raised, the evidence should be admitted for the determination of the jury.* The lack of positive identification in such a case affects the weight of the article or substance as evidence, rather than its admissibility." [Emphasis added].

Under the rule above set forth, we are of the opinion that Exhibit 4 was properly admitted and this assignment of error is therefore without merit.

■ Under the defendant's third proposition he urges that the trial court erred in giving Instruction No. 6 over the objection of the defendant. Instruction No. 6 provides:

"You are instructed that under the laws of this State all persons concerned in the commission of crime and whether they directly commit the act constituting the offense, or aid and abet in its commission are principals.

You are further instructed that it is not necessary for you to find beyond a reasonable doubt that the defendant actually entered the building, if you find beyond a reasonable doubt that he was present and aiding any other person, or persons in the commission of the crime charged,

and that some one or more of the parties, known or unknown, while acting in concert with each other, did actually gain entrance to the building by breaking and entering as the 'breaking and entering' is herein defined, is sufficient to support the charge contained in the Information."

■ Instruction No. 6, although a proper statement of the law, was not a necessary instruction since there was no evidence offered either by the State or by the defendant which tended to indicate that the defendant acted as an accomplice or accessory; however, we fail to see how the defendant could have been injured thereby. It is abundantly clear that the evidence adduced by the State, although in sharp conflict with the testimony offered by the defendant on the material issues, was ample to support the verdict of the jury that the defendant did break and enter the building and was observed emerging therefrom. Moreover, we have repeatedly held that the instructions, when considered as a whole, are sufficient, if when so considered, they fully and correctly state the law applicable to the case. See Barber v. State, Okl.Cr., 388 P.2d 320 and Cody v. State, Okl.Cr., 376 P.2d 625.

■ In summary, we are of the opinion, and therefore hold, that the giving of the instruction now complained of, was so trivial and academic that it did not have any effect upon the verdict and was nonprejudicial.[1]

Defendant's next assignment of error relates to the alleged improper admission of evidence, some of which we have previously considered under the second proposition, and we deem it unnecessary to elaborate further except to observe that from our examination of the entire record, the admission of the evidence now complained of, if error, did not constitute a miscarriage of justice or a substantial violation of some constitutional or statutory right of the defendant. See Slater v. State, Okl.Cr., 296 P.2d 193; Holman v. State, 97 Okl.Cr. 279, 262 P.2d 456; Louis v. State, 96 Okl.Cr. 269, 252 P.2d 938; and Keltner v. State, 52 Okl.Cr. 150, 3 P.2d 451.

■ Defendant's fifth assignment of error is not supported by citation of authority and therefore will not be dealt with in this opinion.

■ Defendant's last assignment of error is divided into three general propositions: (1) That the trial court erred in granting a recess after the defendant had rested. Although it is argued that the granting of this recess was an abuse of discretion, we find nothing in the record to support this contention and we have repeatedly held that the granting of a recess in a criminal case is a matter to be determined by sound legal discretion of the trial judge, and his ruling will not be disturbed by the Court of Criminal Appeals unless there is a clear abuse of that discretion. See Bingham v. State, 82 Okl.Cr. 5, 165 P. 2d 646.

(2) That the trial court erred in overruling defendant's Instruction No. 1. This Instruction was given in substance in the court's Instructions No. 9, 10, 11, and 12.

■ (3) The defendant contends that the accumulation of errors committed during the course of the trial so biased and prejudiced the jury against the defendant that the conviction should be reversed. From our examination of the record, and the rather feeble explanation given by the defendant relating to his presence at the scene of the burglary, we are surprised that the jury imposed the minimum sentence prescribed by law. We believe that the imposition of a two-year sentence under the circumstances here presented clearly negates any bias or prejudice on the part of the jury and under the authority heretofore set forth, we must conclude that the judgment and sentence appealed from should be, and the same is hereby, affirmed. Judgment and sentence affirmed.

BUSSEY and NIX, JJ., concur.

---

1. See 5A C.J.S. Appeal and Error § 1677, p. 707.