## PLEAS HARDY v. STATE.

No. A-5558.  Opinion Filed Sept. 4, 1926.
(248 Pac. 846.)

B. C. Franklin, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, upon a plea of guilty in the county court of Tulsa county upon a charge of having unlawful possession

of intoxicating liquor, was sentenced to confinement in the county jail for a period of 30 days and to pay a fine of $250.

The record presents an unusual situation. The defendant was informed against in the county court. The case was assigned for trial; at the time of trial defendant appeared in person and by his attorney; an application for continuance was presented and overruled; both sides then announced ready for trial. A jury was impaneled; the state presented its evidence and rested. Thereupon counsel for defendant announced that defendant wishes to withdraw his plea of not guilty and to enter a plea of guilty. The court then discharged the jury; defendant's plea of not guilty was withdrawn and a plea of guilty entered. This was on February 12th. The imposing of the sentence was deferred until the 28th day of February, at which time defendant appeared by his counsel and filed his application to withdraw his plea of guilty, and to enter a plea of not guilty, setting out that defendant in the course of his trial was surprised by the introduction in evidence of the search warrant and affidavit for search warrant, and that he was not given time to look up the law applicable thereto. This application was overruled, and sentence passed. The record does not show any reason for surprise, since the defendant had objected throughout to the introduction, on the ground that the evidence offered was procured by an unlawful search, without a search warrant. The first witness for the state, however, had testified that the officers who made the search were operating under a search warrant, which warrant and the affidavit were later produced. No statement that the defendant was surprised was made to the court, nor request for a continuance or postponement made.

By section 2805, Comp. Stat. 1921, it is provided that a defendant in a criminal case as a matter of right may appeal from any judgment against him. This section of the

law gives the right of appeal, although the judgment appealed from may have been entered upon a plea of guilty. Where, however, an appeal is taken from a judgment entered upon a plea of guilty, since the judgment entered is in effect a judgment by confession, no question as to the sufficiency of the evidence or the guilt of the defendant can ordinarily be raised. 2 R. C. L. "Appeal and Error," § 41; 17 C. J. 3295, and authorities cited. Whether or not the plea was voluntary, and the accused of competent intelligence and understanding to enter his plea, or his knowledge of his legal rights and the nature and consequences of his plea, the sufficiency of the indictment or information to confer jurisdiction, or the legality of the sentence, in such case are the only questions raised by an appeal from a judgment entered on a plea of guilty. Lowe v. State, 111 Md. 11, 73 A. 637, 24 L. R. A. (N. S.) 439, 18 Ann. Cas. 744; Galeo v. State, 107 Me. 474, 78 A. 867; Arispi v. Terr., 2 Okla. Cr. 79, 99 P. 1099.

It is not contended here that the plea of guilty was entered through inadvertence, ignorance, or want of understanding of its nature and consequences, nor that it was in any wise involuntary, nor that the information is insufficient to confer jurisdiction, nor that the sentence is illegal. The appeal is predicated upon a mere claim of surprise in the course of the trial by the production by the state of legal and competent evidence. The law provides an abundant safeguard in such case by proper objection and exception, and by provision for a continuance or postponement upon a proper showing of surprise and resulting prejudice. These safeguards were not invoked by the defendant, but upon the production of the evidence now complained of defendant voluntarily entered his plea of guilty. His contention is not tenable.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.