### ROBERTO v. UNITED STATES.
#### No. 4783.

Circuit Court of Appeals, Seventh Circuit.
July 15, 1932.

Rehearing Denied Oct. 7, 1932.

Clarence P. Parker and James L. McDowell, both of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Eugene A. Tappy, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

Appellant was charged in three counts of an indictment with having violated section 23 of the Naturalization Act of June 29, 1906 (title 8, § 414, U. S. C. [8 USCA § 414]) in falsely stating on oath, in a naturalization proceeding, that he was a single man. He first pleaded not guilty, but later withdrew the plea and filed successive de-

murrers which were overruled. Thereafter, he again pleaded not guilty and moved for a bill of particulars and then withdrew his plea of not guilty and entered a plea of guilty as to counts 1 and 2. The court entered a nolle prosequi as to the third count. A penitentiary sentence and fine were imposed upon each count. The penitentiary sentences ran concurrently. On appeal, it is argued that neither count of the indictment charged appellant with the commission of a criminal offense.

While the indictment was not drawn with the attention to detail and with the precision which is always desirable, we cannot say that either count of the indictment is fatally defective.

The objections to the second count of the indictment are that it fails to charge that appellant's alleged false statement was made in open court; that his affidavit was not sufficient upon which to predicate false oath; and that it does not negative appellant's statement that he was unmarried.

■ Taking up the third objection first, we quote from the indictment: "And the grand jurors, * * * do further present, that the said defendant, being duly sworn, and having taken his oath aforesaid, * * * unlawfully, feloniously, wilfully, corruptly, and contrary to his oath, did swear and testify * * * amongst other things, in substance and to the effect following, that is to say, the said defendant, was not married, whereas the said grand jurors aforesaid, upon their oath aforesaid, do charge the fact to be that he, the said defendant, then and there well knew that he, the said defendant, was married then and there to one Raye Roberto. * * * "

Our conclusion is that these allegations sufficiently charge appellant with making the false statement that he was not married. In view of the nature of the proceeding and the subject of inquiry, such false statement was in respect to a material relevant fact. United States v. Marcus (D. C. N. J.) 1 F. Supp. 29, decided July 30, 1932.

■ Appellant's contention that a violation of this section cannot be predicated upon a statement made upon information and belief may be disposed of by quoting from appellant's verification of the petition which he presented to the court and upon which he sought a naturalization decree.

"The aforesaid petitioner being duly sworn, deposes and says that he is the petitioner in the above-entitled proceedings; that he has read the foregoing petition and knows the contents thereof; that the said petition is signed with his full, true name; that the same is true of his own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true."

The false answer he made and for which he was indicted reads as follows: "I am not married." This answer was not on information and belief. Appellant's statement "that the same is true of his own knowledge" applied to this answer.

■ The objection that the indictment fails to charge appellant with having made the false statement in open court must likewise be rejected because not supported by the record. While the indictment fails to allege that the false statement was made in *open court* in so many words, such is the effect and necessary inference of the allegations of the indictment.

Respecting the objections to the other count, little need be added. Appellant's contentions seem rather hypercritical. Appellant had the benefit of the services of various counsel. From the entire record, it is, we think, quite apparent that when accused pleaded guilty to counts 1 and 2 of the indictment, he knew the nature of the charges preferred against him and also knew that he was guilty of such charges.

■ With cases like the present one, courts are confronted by a situation which calls for a sane and practical application of the rules of pleading and the effect of admissions therein made. The fact that it is a criminal case does not necessitate special, unique, or extraordinary treatment. Appellant made a false statement in his application for naturalization. When so charged by the grand jury in a criminal indictment, he pleaded guilty, and a sentence was pronounced upon his plea. Such a plea necessarily involves an admission of guilt. If such plea is inadvisably made, or is contrary to the truth, the accused should not be held strictly to his plea. He should be, and so far as our observation goes, he is, permitted to change the plea. Likewise, when the plea is made upon a mistaken assumption of the applicable law (for example, when the statute under which he is indicted is unconstitutional), he should be relieved from the consequences of his plea. The interest of both the public and the accused is promoted thereby. Likewise, he may appeal from the sentence pronounced upon him, even though entered upon a plea of guilty, if the indictment upon which he is sentenced fails to state a criminal offense.

■■ A charge that an indictment is insufficient may go merely to matters of form or

it may go to the substance of the crime. When the insufficiency is merely as to a matter of form—that is, where the allegations of fact might be more specifically stated, or stated in more detail—the accused should not be permitted to avoid the consequences of his plea of guilty. U. S. v. Bayaud (C. C.) 16 F. 376, 377, 383. The alleged defects of the indictment under consideration are not substantial, as we have heretofore pointed out. To illustrate, when the grand jury charged the appellant with having sworn, contrary to his oath, that he was not married, when he well knew that he was married to one Raye Roberto, he should not, in the face of his plea of guilty, be permitted to assert that such language did not charge him with having been married when he made the statement complained of.

Likewise, he should not be heard to say, in view of his plea of guilty, that the charge fails to state that he made his false statement in open court when the indictment charged him with having given false testimony in support of his application for naturalization before the "Honorable Craig A. Hood, who was then and there acting as judge as aforesaid, * * * pursuant to said act of Congress approved June 29, 1906, * * *"

The judgment is affirmed.