# HANLAN v. STATE.

No. A-11752.   Feb. 18, 1953.

(254 P. 2d 373.)

Rehearing Denied March 4, 1953.

Application to File Second Petition for
Rehearing Denied March 9, 1953.

(254 P. 2d 373.)

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, P. J. This is an appeal by transcript from the court of common pleas of Oklahoma county by Earl Thomas Hanlan, who in that court entered a plea of guilty to an information charging him with the offense of driving a motor vehicle while under the influence of intoxicating liquor, and where he was assessed punishment at a fine of $100 and costs.

That portion of the information necessary for consideration is as follows:

"* * * on the 27th day of January, A.D. 1952, in Oklahoma County, State of Oklahoma, Earl Thomas Hanlan whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of operating a motor vehicle while under the influence of intoxicating liquor in the manner and form as follows, to wit: That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully run, drive and operate a 1946 Dodge Pickup Motor Vehicle bearing 1951 Oklahoma License No. 212T537, from an unknown point to

a point at the intersection of S.E. 29th Street and Mid-America Blvd., adjacent to Oklahoma City, in said county and state, while under the influence of intoxicating liquor; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

The prosecution was based upon Tit. 47 O. S. 1951 § 93, the material part of which provides:

"It shall be unlawful for any person who is under the influence of intoxicating liquor  *  *  *  to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the County Jail for a period of time not more than one (1) year, or by a fine of not more than Five Hundred Dollars ($500.00) or by both such fine and imprisonment.  *  *  * "

The transcript discloses that the information in this case was filed on January 27, 1952; that defendant was arraigned and entered a plea of not guilty on the same day, but on March 12, 1952, defendant was permitted to withdraw his plea of not guilty for the purpose of filing a demurrer, which demurrer was overruled, with exception saved, whereupon defendant entered his plea of guilty, and punishment was by the court assessed as before stated.

Following this, counsel attempted to enter a plea of nolo contendere, which the court refused to entertain, and then counsel verbally entered a motion in arrest of judgment. The fact of the entering of a plea of guilty does not, of course, affect defendant's right to appeal. Hardy v. State, 35 Okla. Cr. 75, 248 P. 846; Roberto v. United States, 7 Cir., 60 F. 2d 774. But only the one point briefed will be considered, and that is as to the sufficiency of the information, the pertinent portions of which we have heretofore quoted.

Counsel in support of his contention that the information was insufficient to charge an offense under the statutory provisions also quoted above, relies on the case of Jones v. State, 94 Okla. Cr. 15, 229 P. 2d 613, decided by this court on March 21, 1951. The information in that case alleged in substance that the defendant drove a certain automobile while under the influence of intoxicating liquor "From a point 135 feet South of the intersection of Choctaw and Broadway Streets in the City of Marlow, Oklahoma, at which point he was involved in a property damage accident" etc.

In the Jones case the information is indefinite as to where the accident took place. From the grammatical construction, can it definitely be said that the defendant was charged with a motor vehicle accident at the intersection of Choctaw and Broadway streets in the city of Marlow? This court did not so determine from the language of the information, and that case may be referred to for the reasoning supporting such conclusion.

In the within case the information did charge the operation by defendant of a certain motor vehicle "from an unknown point to a point at the intersection of S.E. 29th street and Mid-America blvd. adjacent to Oklahoma City, in said county [Oklahoma] and State.  *  *  * "

In the recent case of Raper v. State, 96 Okla. Cr. 18, 248 P. 2d 267, this court had occasion to consider an information using practically the language of the information in the present case, except in the place of using the word "at" the word "on" was used, the information in that case charging in part the driving "from

a point unknown to a point on Highway No. 271, ½ mile from the west edge of the City of Hugo, Choctaw, County, * * *."

The question in this case, then, is the expression "at the intersection of S.E. 29th Street and Mid-America Blvd." snyonymous with the word "on" as used in connection with § 93 of Tit. 47 O. S. 1951, forbidding any person who is under the influence of intoxicating liquor * * * to operate or drive a motor vehicle "on" any thoroughfare, highway, etc.? Admittedly the accused, while intoxicated, drove the vehicle described to a point "at" the intersection of the streets or highways named. The 1951 edition of the Thorndike-Barnhart Dictionary defines "at" as a preposition and giving the first definition as "in; on; by; near; at school, at the front door." Webster's New International Dictionary says: "Primarily, this word expresses the relation of presence or contact in space or time, or of direction towards. * * * is less definite than in, on, by, etc. * * * From its original import are derived various uses to express: 1. Simple presence in, on, or by, or contingent to; designating specifically: a. The point or place where a thing is or occurs; as at the center; at home; at hand; at the door; at sea or on land." And Black's Law Dictionary states that "depending on context, 'at' may be equivalent to 'in'; or to the words on, by, about, under, over, through, from, to, etc."

From the definitions recited, it is our conclusion that the question posed must be answered in the affirmative which means that the defendant was charged with driving on a street or public highway while under the influence of intoxicating liquor, and that this case must be governed by Raper v. State, supra. And while we think the information was poorly worded, yet it was sufficient as against the general demurrer on grounds that it failed to state facts sufficient to constitute a crime or public offense, or was not sufficiently definite and certain in its factual statement to enable defendant to intelligently defend.

A primary function of attorneys both civil and criminal is to learn the art of pleading. An attorney should never look on a demurrer as something close to an insult, but should insist on proper presentation and argument (which counsel for defendant declined to do here) and profit therefrom. Humility and a willingness to learn or to improve is a desirable asset, and one's adversary often is a valuable instructor. A short delay is more profitable than hazarding the very outcome of perhaps a very meritorious case. In the preparation of informations in criminal cases the attorney for the state should each time re-read the applicable statutory provisions and make every effort to plainly and clearly cover every material provision either in the language of the statute, or by words of similar import. This statement is for the benefit generally of prosecuting attorneys who do not give that consideration to the language of informations that should be given. What we said in Sykes v. State, 96 Okla. Cr. 9, 246 P. 2d 379, 381, involving the principle of taking as serious the argument of the opposition, overcoming one's prejudiced thinking and strengthening one's case is applicable here. Stricter requirements by trial judges would materially improve the quality of informations as reflected in a record or transcript when either finally reaches this court, and in fact might materially cut down appeals of a technical character.

In this case we hold that the information is suffcient to meet the tests stated in Jones v. State, supra: Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449, and Raper v. State, supra.

The judgment and sentence of the court of common pleas of Oklahoma county appealed from is affirmed.

BRETT and JONES, JJ., concur.

On Petition for Rehearing.

PER CURIAM. We have given the petition for rehearing filed herein close consideration. The justification and value of additional comment is problematical. At any rate, counsel among other things says:

"That while the controlling statute quoted in the opinion denounces the driving or operation of a motor vehicle by one under the influence of intoxicating liquors 'on any thoroughfare, etc.', this honorable court has mistakenly read the word 'at' used in the information to be synonymous with the word 'on'. * * *

"That therefore this honorable court should reconsider said opinion, not alone in the light of its effect upon the liberty of plantiff in error, but as a stranger into Oklahoma jurisprudence tending to further confuse a social order, now admittedly nearing a debacle because of long continued contradiction of fundamentals and verities. That if this opinion stands, then the word 'on' presumptively, thoughtfully used by the law-making power stands deprived by the judiciary of all definiteness as a messenger of thought, and the condition becomes more chaotic."

The pertinent portion of the information has been quoted in the opinion. We would emphasize that where an appellant did in the trial court enter a plea of guilty to the crime charged, as in the within case, unless the court could reasonably conclude that the information was so fundamentally defective as to wholly fail to state facts constituting a crime within the jurisdiction of the trial court, the information should be sustained. And it is our thought that in testing whether or not it alleges every element of the offense charged, that every favorable presumption as to the sufficiency should be indulged that the language of the information will reasonably justify. And while there is much merit to some of the counsel's argument which tends to demonstrate apparent carelessness of counsel for the state in the preparation of the information involved, still, it is not difficult for the open mind to conclude that a person of common understanding would know with what he was charged so that he could have been enabled to plead jeopardy in case of a second charge for the same offense. Counsel for the defendant having refused to argue his demurrer, it is apparent that not much interest was manifested in "educating" the prosecution in the matter of amendment and right there fighting the case out on the merits and perhaps ending the matter. Preferable was the determination of the point in this court[1] rather than the trial court, which if the outcome should be favorable to the defendant would entitle him to a new trial and delay, and nothing more. Except that a recent spot ten-year check of the number of cases throughout the state, where sent back for new trial, developed that only a very small percentage were ever retried. Short tenure of officials familiar with the case, departure of witnesses, loss of interest, and new business of new administrations were the usual excuses. And while the accused has his choice, delaying tactics are not looked upon by courts with favor. And with good reason!

We go no further than finding that "at" as used in the information in question is synonymous with "on". We find no basis for the fears and lamentations for the social order by and on account of the ideas as expressed in the quotation from the petition, set out above.

The defendant had his day in court. There was no fundamental error. The petition for rehearing is denied.

---

[1] Where an information is fatally defective the question may be presented for the first time on appeal. Waters v. State, 87 Okla. Cr. 236, 197 P. 2d 299; Brannon v. State, Okla. Cr. App., 234 P. 2d 934; Kizer v. State, Okla. Cr. App., 249 P. 2d 132; Ex parte Brown, 77 Okla. Cr. 96, 139 P. 2d 196.