Raymond D. LEASURE, Plaintiff In Error,

v.

The STATE of Oklahoma,
Defendant In Error.

No. A–12038.

Criminal Court of Appeals of Oklahoma.

Oct. 6, 1954.

Claud Briggs, Oklahoma City, Paul Harkey, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, Raymond C. Leasure, hereinafter referred to as defendant, was charged by amended information filed in the court of common pleas of Oklahoma county with the offense of making false statements upon registration to vote, in violation of the provisions of Tit. 21 O.S. 1951 § 200. Defendant entered a plea of not guilty to the amended information, and thereafter filed a demurrer, but the record fails to show that the trial court ever ruled on the demurrer, but shows that the defendant withdrew his plea of not guilty, and entered a plea of guilty, and the court entered judgment accordingly, and fixed the punishment at ten days in the county jail, and a fine of $250.

Defendant excepted to the action of the court and duly gave notice of appeal, but on the same day filed a motion to set aside the judgment and for new trial, which was overruled and appeal has been perfected to this court. An appeal, of course, may be made from a judgment entered on a plea of guilty. Hardy v. State, 35 Okl.Cr. 75, 248 P. 846; Roberto v. U. S., 7 Cir., 60 F.2d 774.

The pertinent portion of the amended information reads as follows:

"On the 20th day of March, A. D. 1953, in Oklahoma County, State of Oklahoma, Raymond C. Leasure, whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of Making False Statement upon Registration in the manner and form as follows, to-wit:

"That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully make a false statement and representation to procure his name to be entered upon the precinct registration book of Precinct 5 of Ward 3, Oklahoma City, said county and state, the same being a registry of voters authorized by law to be kept in said election district, which said false statement and representation was as follows, to-wit: That he, the said defendant, was and had been a continuous resident within Precinct 5 of Ward 3, Oklahoma City, said County and State, for thirty days next preceding the Municipal Election held on April 7, 1953, when in truth and in fact the said defendant was not a resident of said district as represented, all of which he, the said defendant, well knew, and the said defendant knowingly made the false statement and representation with the unlawful, wilful, wrongful, and fraudulent intent to procure his illegal registration as a qualified voter of said election district, contrary to Section 200, Title 21 of Oklahoma Statutes 1951, and contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

Section 200 of Title 21, O.S.1951, forming the basis for the prosecution, reads:

"Every person who, at the time of requesting his name to be registered as that of a qualified voter, upon any registry of voters authorized by law to be kept in any city, town, or election district, or at the time of offering his vote at any election, knowingly makes any false statement or employs any false representation or false pretense or token, to procure his name to be registered, or his vote to be received, is guilty of a misdemeanor."

For reversal defendant advances two propositions: First, that the amended information does not allege facts sufficient to constitute an offense; and, Second, error on the part of the trial court in refusing to suspend the sentence imposed in view of the circumstances disclosed by the record.

The sufficiency of the information was not challenged in the lower court because the demurrer was not filed until after the defendant had entered his plea of not guilty on the merits of the case. The demurrer was not even called to the attention of the court, so far as the record shows, and neither is it alleged in the "Motion to vacate judgment and for a new trial" filed by the defendant that the trial court erred with respect to said demurrer. For such reasons, this court is bound by the rule that any objections to the sufficiency of the information should be overruled if by any intendment, inference or presumption, it can be sustained. We have often held that an attack on the information cannot be made for the first time upon appeal, unless the information is so fundamentally defective that it wholly fails to state an offense. See Sowers v. State, 36 Okl.Cr. 372, 254 P. 756; Ponkilla v. State, 69 Okl. Cr. 31, 99 P.2d 910; Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562; Bryson v. State, Okl.Cr., 248 P.2d 253; and Chandler v. State, Okl.Cr., 255 P.2d 299.

The statute just quoted, Tit. 21 O.S.1951 § 200, denounces the making of a false statement or representation at the time of requesting one's name to be registered as that of a qualified voter upon a registry of voters authorized by law to be kept. The purpose of such false statement or representation must be made in effort to procure one's name to be so registered, or his vote to be received.

The section of the statute in question does not specify that such false representation or statement be made under oath, or to any particular person, or that the registry cer-

tificate so obtained be signed by the precinct registrar. There is a separate provision of the statute. Tit. 26 O.S.1951 § 76, requiring an oath, but it is directed to the precinct registrar. There are a number of other statutory provisions covering illegal voting but have no place in the consideration of the particular provisions here involved.

 In view of the state of the record in this case, and that this is a misdemeanor case, particularly applicable is the principle so often announced by this court, that an information which informs the accused of the offense with which he stands charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, the accused will be able to defend himself against any subsequent prosecution for the same offense, will be sustained as against a demurrer. State v. Tyler, 82 Okl. Cr. 112, 166 P.2d 1015; Kephart v. State, 93 Okl.Cr. 451, 229 P.2d 224.

We conclude that the amended information was sufficient to withstand the demurrer.

The further proposition that the court erred in failing on sentencing of the defendant to suspend it, cannot be sustained, because such action on the part of the court rests within the discretion of the court, subject to the limitations contained in the statute. See Tit. 22 O.S.1951 §§ 991, 992; Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162; Shannon v. State, Okl.Cr., 256 P.2d 475.

The defendant's affidavit attached to his notice to vacate judgment and for a new trial filed in the lower court sets out that two other defendants pleaded guilty to the same offense at the same term of the same court, and each of them received sentences of 90 days in jail, and fines of $300 each, but that said sentences were suspended. The record further shows that at the time the court pronounced judgment it was brought out that the false statement involved arose from the fact that defendant in re-registering to vote in ward 3, precinct 5, gave a business address as actually his residential address, as a number of persons were do-

ing, with no objection on the part of the precinct officials. We have treated this question in some detail in the companion case of Ingram v. State, Okl.Cr., 275 P.2d 334.

We conclude that justice demands that the sentence of ten days in jail and a fine of $250 assessed in this case be modified to a fine of $150, and that the jail sentence be remitted, and as so modified, the judgment is affirmed.

JONES and BRETT, JJ., concur.