Jester Thomas SEALY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12184.

Criminal Court of Appeals of Oklahoma.

Sept. 27, 1955.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Jester Thomas Sealy, was charged, by Information, in the County Court of Pontotoc County, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor, in said County and State. T. 47, O.S.1951 § 93. Defendant was tried by a jury, convicted, his punishment was set at a fine of $50 and 30 days in jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Among the defendant's contentions advanced on appeal, is that the verdict and judgment is not supported by the evidence. The facts disclose that Mrs. Audie Nelson, on the 21st day of March, 1954, was proceeding north, on North Broadway, in Ada, Oklahoma, in her automobile, accompanied at said time by her baby, when she was struck from behind by another automobile. After striking her, the automobile ran off the highway into a fence, and into a pipe yard, where it came to a stop. There were two men in the automobile who collided with her; the defendant and one J. T. Underwood. One of these men were already out of the automobile when she observed it, and he was running from the automobile across a field, in a northwesterly direction. She identified J. T. Underwood, nineteen years of age, as being that person. The defendant, she testified, was lying in the seat, with his head hanging off of the seat on the right-hand side of the car. She related he was unconscious, and bleeding. She did not know which one of the men was driving the automobile. Mrs. Nelson gave the foregoing testimony on behalf of the defendant.

J. T. Underwood, and Highway Patrolman, Aubrey Mitchell, testified for the State. Patrolman Mitchell stated that he was called to the scene of the accident; when he arrived, he found the defendant's automobile in the pipe yard and the defendant lying in the front seat of his automobile. He testified that when they got the defendant out of the automobile, he staggered, and was belligerant, and smelled strongly of intoxicants, and his tongue was quite thick. After the defendant, Sealy, sobered up, Patrolman Mitchell said that Sealy told him he was driving the automobile.

J. T. Underwood testified for the State to the effect that he and the defendant had been out together the preceding night since about twelve o'clock, and that the accident occurred somewhere between seven and eight o'clock, A.M., and he said that they had consumed two or more pints of whiskey between them. He said that the defendant was driving and, as he approached the back of Mrs. Nelson's automobile, he told him to slow down; that the next thing he knew, the defendant's car plowed into the back end of Mrs. Nelson's car, and ran off into the field. He related he was riding on the right-hand side and got out and ran across the field to call an ambulance. On cross-examination, he admitted that he did not return to the scene of the accident, but was picked up by the Highway Patrol while he was on his way home.

The defendant testified that J. T. Underwood was driving the automobile, and that he was asleep when the accident occurred. On cross-examination, his memory proved to be most faulty concerning matters which he should have remembered, about drinking the liquor, and being intoxicated. Things favorable to him, he remembered.

Jodie Brown testified for the defendant that he was approaching from the opposite direction, and saw the collision, and that he saw a man thrown out of the automobile on the left-hand side, and this man got up and ran away. Jodie's testimony was likewise very unsatisfactory on cross-examination. He said he could not say who was driving. All he knew was that one of the men was thrown out of the automobile; it looked like to him he came

out of the automobile on the driver's side; that's the way it looked to him. However, he said he might have been on the right side, and it might have "throwed" him out when it turned over on it's side. Brown got out of his automobile and went back to his home and called the Highway Patrol. These facts developed a conflict in the evidence, which is a matter for the determination of the jury. Scott v. State, Okl.Cr., 279 P.2d 1113. It is apparent that this contention is without merit.

The defendant complains of Instruction No. 6. He urges that this instruction shifted the burden of proof to the defendant. The record does not disclose any objection interposed at the time the instruction was given, nor did he request any additional instructions. Where no exception is taken to an instruction, it will not be considered on appeal, unless it is so fundamentally wrong that this court can say that by giving of such instruction, the defendant was deprived of a substantial right essential to his defense. Byers v. State, 78 Okl.Cr. 267, 147 P.2d 185. It is apparent herein, that while Instruction No. 6 was not a model, it did not shift the burden of proof to the defendant. Particularly is this true, in view of the fact we are compelled to consider the instructions as a whole. Lamb v. State, 70 Okl.Cr. 236, 105 P.2d 799. When viewed in this light, it appears that Instruction No. 1 clearly placed the burden of proof on the State, and Instruction No. 2 definitely stated the defendant was presumed innocent until proved guilty. We do not believe that Instruction No. 6 deprived the defendant of any substantial right essential to his defense. As a matter of fact, this instruction, was bad only because of the fact that it had a tendency to overly emphasize the theory of defendant's defense. When viewed in this light, it could not have deprived the defendant of any of his rights.

Next, the defendant urges that, Instruction No. 4, which is a definition of the term "under influence of intoxicating liquor", did not meet the specifications of such an instruction, as given in Luellen v. State, 64 Okl.Cr. 382, 81 P.2d 323, 329. Likewise, herein, the defendant did not object to the giving of said instruction, or save an exception thereto. Instruction No. 4 falls short of being a model, but we are of the opinion that the general significance thereof meets the requirements of the law. In the Luellen case, supra, the trial court gave an instruction in substantial conformity with the one in question herein. Therein, in the Luellen case, supra, no objection was made, or exception saved, and this court said: "He would, therefore, be precluded from questioning the instruction at this time."

The rule announced in Giles v. State, 70 Okl.Cr. 72, 104 P.2d 975, 977, applies herein; it is as follows: " 'Instructions must always be considered with the evidence in the case, and when they contain no fundamental error nor any misstatement of the law which in the light of the evidence was calculated to mislead the jury to the injury of the defendant, and where the evidence clearly shows that the defendant is guilty, a conviction will not be reversed because the charge of the court may not be technically correct.' " Such is the situation in the case at bar, since the instructions given in the case at bar are not fundamentally erroneous, and defendant's guilt is clear, and then objections to the instructions come too late on appeal.

The defendant then complains that, the court erred in admitting the County Attorney to examine him relative to whether he possessed a driver's license. Objection was interposed, and the County Attorney stated that he would rephrase the question. The question was then asked, "Have you ever been convicted of a traffic violation?" to which objection was likewise made. No ruling was made by the trial court, and the question was again asked, and no objection was renewed, and no exception saved. Whereupon, the defendant admitted he had paid a fine for running a stop sign. Then the question was interposed, and answered without objection. "You don't have a driver's license now?" to which the answer was, "No". No exceptions were taken to any action, or inaction, of the trial court. The court's action in this regard does not constitute fundamental error. Under such conditions, it is essential that exceptions be saved, if they are to be considered by the

Appellate Court. Ashburn v. State, 16 Okl. Cr. 417, 183 P. .521; Franklin v. State, 71 Okl.Cr. 115, 109 P.2d 239, wherein it was held:

That, in the absence of objections and exceptions, an assignment of error thereon is not reviewable, because the same was not properly preserved. Burroughs v. State, 80 Okl.Cr. 271, 158 P.2d 723, 724, holding that "Alleged error * * * should be preserved by proper objection and exception." In this connection, the defendant did not permit the matter to rest, but on re-direct examination, testified at great length relative to the traffic violation, and even went so far as to offer in evidence, an Order by the Department of Public Safety, revoking the defendant's driver's license, predicated upon a conviction of May 23, 1954, based upon the charge of. wreckless driving, all of which occurred subsequent to the. date of March 21, 1954, when it was alleged the offense herein involved was committed. This evidence, offered by the defendant himself, was far more detrimental than was the evidence complained of. We hardly see how one can complain of slight error when he voluntarily takes the issue in hand and explores the matter, and offers evidence in his behalf relating thereto, to greater detriment and damage than had already occurred on the part of the State. In Burroughs v. State, supra, it was held:

"Complaint is made of a question asked of the chief of police by the County Attorney on rebuttal. The question asked was improper. However, no exception was reserved by counsel for defendant. In addition, on cross-examination, counsel for defendant went into the same field and brought out additional matters far more damaging to his client than the answer given to the County Attorney about which complaint is made."

Finally, the defendant urges that the punishment is excessive. No showing is made relative to the verdict being founded upon prejudice, or passion, as a result of the actions of the prosecutor, or the court, or the citation of the jury.

Under the provisions of § 1, Chapter 4e, T. 47, S.L.1953, Page 191, in force and effect at the time judgment and sentence was imposed, this defendant might have received a maximum jail sentence of one year, even as a first offender for drunken driving. Moreover, the defendant herein, was exceedingly drunk; so drunk, he might have been compelled to defend against a greater charge. Hence, modification does not seem warranted, herein. We do not feel constrained to give ear to the defendant's request to reduce the punishment to the fine alone. In Easterling v. State, Okl.Cr., 284 P.2d 741, 742, we said: "Power of Criminal Court of Appeals to modify a judgment appealed from may only be exercised when the ends of justice demand it." Such is not the situation in the case at bar.

For all the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.