**Ruthie Pearl WATSON, Plaintiff-in-Error,**
v.
**The STATE of Oklahoma, Defendant-in-Error.**

No. A–13118.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1962.

. hearing Denied Oct. 31, 1962.

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Ruthie Pearl Watson hereinafter referred to as the defendant was charged in the Common Pleas Court of Oklahoma County with the crime of Drunk Driving. She was tried before a jury, found guilty and sentenced to One year in the Oklahoma State Penitentiary.

This is an appeal by transcript only and therefore the evidence will not be considered. Defense Counsel asserts as his only error that the Information is insufficient to state the crime of Driving upon a Public Highway while under the influence of Intoxicating Liquor. The charging part of the Information reads as follows:

"Ruthie Pearl Watson, whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of *OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR* in the manner and form as follows, to wit:

*That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully, run, drive and operate a 1958 Buick Tudor motor vehicle, bearing 1960 Oklahoma License No. 1–21303, from an unknown point to a point at 8th and North Phillips Streets, in Oklahoma City, in Oklahoma County and State,* while under the influence of intoxicating liquor; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

The prosecution was based on Title 47 O.S.Supp. § 93, which among other things, states:

"It shall be unlawful for any person who is under the influence of intoxicating liquor * * * to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State and any person violating the provision of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the County Jail for a period of time not more than one (1) year, or by fine of not more than Five Hundred Dollars ($500.00) or by both such fine and imprisonment."

The underlined part of the Information in the instant case is that which defendant contends to be insufficient. This same ques-

**354**

tion of law was passed upon in the case of Hanlan v. State, 96 Okl.Cr. 331, 254 P.2d 373. The defendant in that case was represented by the same counsel. In that case the material part of the Information read:

"did then and there wilfully, unlawfully and wrongfully commit the crime of operating a motor vehicle while under the influence of intoxicating liquor in the manner and form as follows, to-wit:

"That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully run, drive and operate a 1946 Dodge Pickup Motor Vehicle bearing 1951 Oklahoma License No. 212T537, from an unknown point to a point at the intersection of S. E. 29th Street and Mid-America Blvd., adjacent to Oklahoma City, in said county and state, while under the influence of intoxicating liquor; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma." Also see, Raper v. State, 96 Okl.Cr. 18, 248 P.2d 267.

In both of the above cases the Court had a very similar Information and held that the Information was sufficient to meet the tests.

Because the question has previously been decided by this Court, it is unnecessary to discuss it further.

The sufficiency of Information should be raised by demurrer. It is to be noted that defendant filed no demurrer and raised no objection until after verdict.

In view of the foregoing decisions, the Judgment and Sentence of the lower court is Affirmed.

BRETT and BUSSEY, JJ., concur.