Glenn Raymond CLARK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13243.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1963.

Rehearing Denied April 15, 1963.

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Glenn Raymond Clark, hereinafter referred to as the defendant, was charged in the Common Pleas Court of Oklahoma County with the crime of "Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor." He was tried before a jury, found guilty, and punishment assessed at 10 days in the County Jail and costs.

Defense Counsel filed his appeal in this Court in the time prescribed by law, asserting that the Information is defective, and Instruction #3 given by the trial court is erroneous.

■ The wording of the Information has been passed on squarely by this Court in the case of Hanlan v. State, 96 Okl.Cr. 331, 254 P.2d 373; and Watson v. State, Okl.Cr., 375 P.2d 352. In both of these cases, defendant was represented by the same counsel as in the case at bar. It was held in the Watson case, supra:

> "An information which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for this trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense."

Because this question has previously been decided by this Court, and because defense counsel cited *no* cases to support any of his contentions in either brief filed in this Court, it is unnecessary to discuss it further.

■■ Defendant next complains of the wording of Instruction #3, which reads as follows:

> "You are instructed that the law in this State provides, in substance, that it shall be unlawful for any person who is under the influence of intoxicating liquor to drive, operate or be in actual physical control of any motor vehicle *within this state.*"

This Instruction follows the language of Title 47, § 11–902, paragraph (a) of the Statutes. Defendant raised no question about being on the highway, and no objection was raised to this Instruction. So, we will follow the long established rule set down by this Court in the case of Storer v. State, 84 Okl.Cr. 176, 180 P.2d 202:

> "Alleged error in the giving of an instruction will not be considered on appeal in the absence of an exception saved to the giving of such instruction, unless it is so basically erroneous as to mislead and confuse the jury as to the issues of the case."

See, also, Mammano v. State, Okl.Cr., 333 P.2d 602; Pickens v. State, Okl.Cr., 372 P.2d 618; Cherry v. State, Okl.Cr., 276 P.2d 280; Sealy v. State, Okl.Cr., 288 P.2d 422; Fields v. State, 85 Okl.Cr. 439, 188 P.2d 231; Oates v. State, Okl.Cr., 303 P.2d 317. And, further, in the case of Buie v. State, Okl.Cr., 368 P.2d 663:

> "Where counsel is dissatisfied with instructions that are given, or desires court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is duty of counsel to prepare and present to the court such desired instruction and request that it be given, and in absence of such request court will not reverse case if instructions generally cover subject matter of inquiry."

■ The Instruction complained of could not possibly have prevented the defendant from having a fair and impartial trial, as his own testimony showed, with no contradiction, that he had been driving the car on the highway, and was still in the bar ditch. He disputed nothing except the fact that he was under the influence of intoxicating liquor. And that was a question strictly for the determination of the jury.

For the above and foregoing reasons the judgment and sentence of the trial court is accordingly affirmed

BUSSEY, P. J., and JOHNSON, J., concur.