Haskell Emile BILLY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13491.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1964.

Rehearing Denied Nov. 18, 1964.

**914**

Sid White, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Haskell Emile Billy was charged by Information in the Common Pleas Court of Oklahoma County with the crime of Operating a Motor Vehicle while Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and sentenced to pay a fine of $1.00 and 10 days in the County Jail.

His appeal was lodged in this Court within the time prescribed by law on March 2, 1964, and no brief was filed by counsel for plaintiff in error, nor any request for an extension of time made to this Court within the time prescribed by law. Nor for that matter, until the day this cause was set for oral argument on a Motion to Dismiss by the State. On that day, September 23, 1964 (some 6 months later) counsel appeared in court and asked for time to brief. Request was denied, due to the length of time involved, and the cause was submitted on the record. Counsel for defendant then mailed to this office a copy of a dissertation labeled "Brief of Petitioner". We have checked the clerks' office and nothing was filed in their office. However, this writer has given it some consideration. It raises no fundamental error, but only states counsel's same argument he has raised previously on two other appeals in this Court (Clark v. State, Okl.Cr., 383 P.2d 236; Watson v. State, Okl.Cr., 375 P.2d 352) and which was settled prior to that in the case of Hanlan v. State, 96 Okl.Cr. 331, 254 P.2d 373. This Court can see no reason to discuss this question further.

 This Court has consistently and repeatedly held, as in the case of Crolley v. State, Okl.Cr., 377 P.2d 63:

"Where the defendant appeals from a Judgment of conviction and no briefs are filed in support of the petition in error this Court will examine the records only for fundamental error. If none appears of record the Judgment will be affirmed."

The record has been examined carefully in the instant case, no fundamental error appears, and the evidence is sufficient to support the verdict of the jury.

The judgment and sentence of the trial court is hereby affirmed.

JOHNSON, P. J., and BUSSEY, J., concur.