Edward GLANTZ, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14084.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1968.

Rehearing Denied March 18, 1968.

Ed Parks, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

This is an appeal from the District Court of Woodward County from a judgment and sentence rendered against Edward Glantz on the 21st day of June, 1966, upon his plea of guilty in District Court Case No. 1698, wherein he was charged by Information with the offense of Conducting a Gambling Game and was sentenced to pay a fine of $1,000.00 and serve two years in the State Penitentiary.

From the record before us, it appears that Edward Glantz was represented by counsel of his own choice and that no effort was made to withdraw the plea of guilty. The sole contention presented on appeal is that the judgment and sentence imposed is excessive. Plaintiff in Error argues that had he proceeded to trial in the instant case, the same testimony would have been adduced in this case as was adduced on his trial in District Court Case No. 1695, wherein he was found guilty by a jury of the offense of Conducting a Gambling Game, and from which a timely appeal has been perfected to this Court.

Plaintiff in Error further contends that had he proceeded to trial, the trial court would have made the same rulings of which he now complains in District Court Case No. 1695.

We cannot speculate as to what evidence might have been introduced in the instant case had the plaintiff in error proceeded to trial; however, we must assume in the light of plaintiff in error's plea of guilty, that had he proceeded to trial the State would have adduced sufficient evidence to support a finding of guilt. It is a well established rule that this Court will not modify a judgment and sentence unless from an examination of the entire record it affirmatively appears that the punishment imposed resulted from bias or prejudice or the admission of incompetent and prejudicial evidence. In the instant case there is nothing before the Court tending to any degree to establish that the judgment and sentence rendered by the trial court was imposed as a result of bias or prejudice against the accused.

It further appearing to the Court that the punishment imposed was well within the range provided by law, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

NIX, P. J., and BRETT, J., concur.

Rehearing Denied March 18, 1968.

Ed Parks, Tulsa, for plaintiff in error.