**Clifford Ray COLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15291.**

Court of Criminal Appeals of Oklahoma.

March 25, 1970.

Leonard Geb and Jack N. Shears, Ponca City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

This is an appeal from a plea of guilty by Plaintiff in Error, Clifford Ray Cole, hereinafter referred to as defendant, was charged by information in the District Court of Kay County, Oklahoma, with the crime of Burglary in the Second Degree. He was sentenced by the trial court on November 8, 1968, to serve a term of three (3) years in the state penitentiary.

Defendant's first proposition, "An appeal may be taken from a plea of guilty." Defendant cited Hardy v. State, 35 Okl.Cr. 75, 248 P. 846, wherein it stated:

"An appeal to the Criminal Court of Appeals may be taken by a defendant as a matter of right from any judgment rendered against him in a court of record. This right extends to an appeal from a judgment entered upon a plea of guilty."

In the more recent case of Barnes v. District Court of Garvin County, Okl.Cr., 423 P.2d 892 (1967), this Court said:

"There would be no actual appeal from a plea of guilty unless a request to withdraw same and substitute a plea of not guilty had been presented to the District Court within Ten Days of judgment and sentence."

Also see Gamble v. State, Okl.Cr., 444 P.2d 853 (1968). In the instant case defendant freely and voluntarily entered a plea of guilty, with full knowledge of the nature and the consequences of the plea, and did not attempt to withdraw his plea of guilty.

Defendant's second and last proposition is "Where justice demands, the sentence imposed after a plea of guilty will be modified." Defendant cites Dickson v. State, Okl.Cr., 336 P.2d 1113, also Leasure v. State, Okl.Cr., 275 P.2d 344, which are not applicable in the instant case.

In the case of Glantz v. State, Okl.Cr., 438 P.2d 19 (1968), this court held that:

"It is a well established rule that this Court will not modify a judgment and sentence unless from an examination of the entire record it affirmatively appears that the punishment imposed resulted from bias or prejudice or the admission of incompetent and prejudicial evidence."

There is nothing in the record which indicates that the judgment and sentence rendered by the trial court was imposed as a result of bias or prejudice against the defendant.

It further appearing to the Court that the punishment imposed was well within the range provided by law, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, Affirmed.

BUSSEY and NIX, JJ., concur.